MURRAY BOGATIN AND BEVERLEE BOGATIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bogatin v. Commissioner
Docket No. 957-78
United States Tax Court
T.C. Memo 1981-538; 1981 Tax Ct. Memo LEXIS 199; 42 T.C.M. (CCH) 1173; T.C.M. (RIA) 81538; September 24, 1981. Murray Bogatin, pro se. Lewis R. Mandel, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $ 2,318.58 deficiency in petitioners' income tax and a $ 116 addition to tax for late filing under section 6651(a) [1] for 1975. *200 The issues for decision are: [2] (1) whether petitioners are entitled to deduct any expenses for business gifts and entertainment in 1975; (2) whether petitioners are entitled to deduct automobile expenses in excess of the $ 1,751 allowed by respondent for 1975; (3) whether petitioners are entitled to deduct medical expenses which were not paid during 1975; and (4) whether petitioners are liable for an addition to tax under section 6651(a) for failing to file their return on time. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners resided in Sayville, New York, when they filed their petition. Petitioners signed their 1975 income tax return on April 30, 1976, and it was received by respondent's Service Center on May 10, 1976. Petitioners used the cash receipts and disbursements method of accounting during 1975. Petitioner Murray Bogatin (hereinafter "Bogatin") was an attorney in private practice by himself in 1975. His license to practice was suspended on April 10, 1976. He did have a personal checking account, but wrote very few checks on it. Bogatin also did not *201 utilize credit cards nor did he request any receipts for gifts and entertainment expenses he incurred in connection with his law practice during 1975. Bogatin did not maintain any records of the amount, time, place, date, description, business purpose or business relationship of entertainment and gift expenses claimed by petitioners on Schedule C (Profit or (Loss) from Business or Profession) of their 1975 income tax return. Petitioners lived in Sayville, New York, during 1975, which was approximately 8 miles from Bogatin's law office in Deer Park, New York. Petitioners owned and used one automobile which they drove a total of 33,171 miles for both business and pleasure in 1975. Bogatin did not maintain any records of the business miles he drove in 1975. Respondent in his statutory notice disallowed $ 3,771.37 of the $ 4,815.60 claimed by petitioners as medical and dental expenses for 1975. Petitioners did not pay any of the disallowed medical and dental expenses in 1975. Respondent in his statutory notice also disallowed $ 4,773 of the $ 6,524 travel and entertainment expenses deducted on petitioners' 1975 return. OPINION The first issue is whether petitioners are *202 entitled to deduct any expenses for business gifts (to secretaries) and entertainment (lunches for clients) in 1975. This in turn depends on whether they have met the substantiation requirements of section 274(d). Under section 274(d) a taxpayer may not deduct business gift and entertainment expenses * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, * * * or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, * * * or receiving the gift. * * * Petitioners in this case have failed to substantiate the claimed business gifts and entertainment expenses as required by the statute. He simply did not keep the records required nor did he overcome the lack of records by sufficient evidence corroborating his own statement at trial. The second issue is whether petitioners are entitled to deduct automobile expenses in excess of the $ 1,751 allowed by respondent. Petitioners drove their car 33,171 miles during *203 1975. They claimed that 31,500 of those miles were business miles attributable to Bogatin's law practice. Bogatin again did not keep any records of his business mileage. He estimated his business mileage based on the trips he said he made to courthouses in Nassau County and Suffolk County and 3 trips to Auburn. Although Bogatin stated that he tried 10 criminal cases during 1975, he did not state where they were tried nor how many days he spent in court. Respondent allowed petitioners 11,673 business miles in 1975. Petitioners have failed to prove that Bogatin drove more business miles in connection with his law practice in 1975. The third issue is whether petitioners are entitled to deduct medical expenses in 1975 which were not paid in 1975. Section 213(a)(1) provides a deduction for medical and dental expenses not compensated for by insurance or otherwise in an amount by which such expenses paid during the taxable year exceed 3 percent of adjusted gross income. Treas. Regs. § 1.213-1(a)(1) provides that a deduction is allowed only with respect to medical expenses actually paid during the taxable year, regardless of when the incident or *204 event which occasioned the expense occurred and regardless of the method of accounting employed by the taxpayer in making his income tax return. Since petitioners did not pay any of the medical expenses in issue during 1975, no deduction is allowable for such expenses in 1975. The final issue is whether petitioners are liable for additions to tax under section 6651(a) for failing to file their 1975 return on time. Petitioners admit their return was filed approximately three weeks late. Bogatin's excuse is that he was suspended from practice effective April 10, 1976, and he was under great pressure to complete a number of trials before that date. He stated that as a result he did not have time to prepare his return prior to April 15th. He further stated that he attempted to get an extension of time to file form but that the tax office from which he sought the form was out of them. Petitioners must show that failure to file their return on time was due to reasonable cause and not due to willful neglect. West Virginia Steel Corp. v. Commissioner, 34 T.C. 851, 860 (1960). Petitioners simply had a lower priority for filing their return than they had for other *205 obligations. Certainly sometime between January 1st and April 15th petitioners could have prepared their return or obtained a form requesting an extension of time to file their return or hired a tax return preparer to do one of these things for them. The penalty for failing to do so is the addition to tax of $ 116. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. Petitioners conceded some issues prior to trial.↩